BEFORE THE THIRD DIVISION, MAY 4, 1949

No. 53094.—Gallagher & Ascher Co. v. United States, protest 46028–K/89864 (Chicago).

Opinion by EKWALL, J.   It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142).   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

No. 53095.—Scruggs-Vandervoort-Barney, Inc. v. United States, protest 50953–K (St. Louis).

Opinion by EKWALL, J.   It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142).   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 1313.   The protest was sustained to this extent.

No. 53096.—A. S. Leather Co. et al. v. United States, protests 54343–K, etc. (New York).

Opinion by EKWALL, J.   It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142).   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.   The protests were sustained to this extent.

No. 53097.—Edgar S. Bibas, Inc., et al. v. United States, protests 57931–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 53098.**—Judson-Sheldon Corp. v. United States, protest 59382–K (A) (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 53099.**—John Arthur Davison v. United States, protests 64244–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 53100.**—Atkinson, Haserick & Co. et al. v. United States, protests 67759–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.